# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TWIN RIVERS PAPER COMPANY, LLC,**

**Plaintiff,**

**v.**                                        **Case No. 26-CV-172**

**COMPLETE PAPER, INC., et al.,**

**Defendants.**

# ORDER

Before the court is Twin Rivers Paper Company, LLC's motion for a temporary restraining order. It alleges that Rachel Van Wychen, its former Director of National Accounts, took certain confidential information with her when she quit. Twin Rivers' forensic computer analysis revealed that shortly before she left the company, Van Wychen downloaded a substantial number of confidential documents to USB drives. Following her resignation she also, with the assistance of her former subordinate Kim Gerrits, accessed a Dropbox account that contained additional confidential documents. This access occurred contemporaneously with Complete submitting bids to a Twin Rivers' customer. That customer subsequently cut its orders with Twin Rivers, stating that a competitor had offered a lower price, resulting in an anticipated loss of $20 to $30 million in sales for Twin Rivers in 2026.

Twin Rivers asks the court to enter a temporary restraining order barring the defendants from:

a) Directly or indirectly using or disclosing any confidential information or trade secrets of Plaintiff;

b) Accessing any confidential information or trade secrets of Plaintiff;

c) Keeping possession or control of Plaintiff's confidential information or trade secrets; and

d) Transferring or deleting confidential information or trade secrets that belong to Plaintiff.

(ECF No. 7-1 at 2.)

It further asks the court to order the defendants "to return all such proprietary and/or confidential information to Twin Rivers and/or certify the destruction of such information. (ECF No. 7-1 at 2.)

On February 3, 2026, the court held a telephonic hearing on Twin Rivers' motion. Twin Rivers stated that it seeks a temporary restraining order to prevent irreparable harm while the court considers the motion for a preliminary injunction.

At that hearing, the court learned that Van Wychen and Gerrits had not been served with notice of the suit or the pending request for a temporary restraining order. Before a court can issue a temporary restraining order without notice to the adverse party, the movant must comply with Fed. R. Civ. P. 65(b)(1). Twin Rivers, however, failed to comply with those procedures. Nonetheless, an attorney who stated that he anticipated to soon be retained by the individual defendants was present on the call. Thus, for present purposes the court will presume that Van Wychen and Gerrits received adequate notice of the motion.

"A temporary restraining order … is an emergency remedy issued to maintain the status quo until a hearing can be held on an application for a preliminary injunction." *Abbott Labs. v. Andrx Pharm., Inc.*, No. 05 C 1490, 2005 U.S. Dist. LEXIS 12004, at *3 (N.D. Ill. May 20, 2005). It differs from a preliminary injunction in that it is resolved on an expedited basis, usually on the barest of facts, and often ex parte. Given these circumstances, it is short in duration—initially no more than 14 days. Fed. R. Civ. P. 65(b)(2). However, the legal standard for the issuance of a temporary restraining order is otherwise the same as that applicable to a preliminary injunction. *CWPMI, Inc. v. Lahey*, No. 2:25-CV-00308-GSL-AZ, 2025 U.S. Dist. LEXIS 139803, at *3 (N.D. Ind. July 22, 2025).

The court's assessment of whether to grant a preliminary injunction or a temporary restraining order proceeds in two phases. *See Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018). First is the threshold phase where the plaintiff must show that "(1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *HH-Indianapolis, LLC v. Consol. City of Indianapolis*, 889 F.3d 432, 437 (7th Cir. 2018). If the plaintiff satisfies all three elements in the first phase, the analysis proceeds to the balancing phase where "the court weighs the harm of denying an injunction to the movant against the harm of granting an injunction to the nonmovant. This is done using a sliding scale— the greater the movant's likelihood of success on the merits, the less the harms need be in its favor." *GrubHub Inc. v. Relish Labs LLC*, 80 F.4th 835, 844 (7th Cir. 2023).

Without analyzing each of Twin Rivers' overlapping claims individually, the court accepts for present purposes that it has demonstrated some likelihood of success on the merits of at least one of its claims related to the alleged misappropriation of its confidential business information. *See Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1046 (7th Cir. 2017) ("A party moving for preliminary injunctive relief need not demonstrate a likelihood of absolute success on the merits. Instead, he must only show that his chances to succeed on his claims are 'better than negligible.'" (quoting *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999)). However, it is notable that at this point Twin Rivers offers only inference and speculation that Complete was the competitor that undercut its bid and poached its customer.

While it has demonstrated some likelihood of success on the merits, Twin Rivers has failed to demonstrate that it is likely to suffer irreparable harm in the period before the court will be able to address its motion for a preliminary injunction. Complete has suspended Van Wychen and therefore she has no opportunity to use any allegedly confidential information she may possess. Gerrits has not even started working for Complete, and her start date has been indefinitely delayed in light of Twin Rivers' claims. While it is hypothetically possible that Van Wychen disseminated the confidential information to other Complete employees who now stand to use it, this is pure speculation. There is no evidence that any other person had or has access to Twin Rivers' confidential information and therefore, there is no reason to suspect that Twin Rivers will suffer any harm, much less irreparable harm, until the court can resolve Twin Rivers' motion for a preliminary injunction. Even if

another Complete employee has access to the confidential information, such an employee is unlikely to act on it now with the bright light of lawsuit shining on the company.

The provision in Twin Rivers' Employee Confidentiality Agreements stating that any disclosure of confidential information will be presumed to result in irreparable harm does not control. *See Penn Eng'g & Mfg. Corp. v. Marsden*, No. 25-cv-0467-bhl, 2025 U.S. Dist. LEXIS 254347, at *30 (E.D. Wis. Dec. 9, 2025) ("[P]arties cannot contract around the required showing of irreparable harm.").

Twin Rivers also argues that it risks irreparable harm in the form of spoliation of evidence absent a temporary restraining order in light of Van Wychen having deleted the contents of the USB drive despite explicit instructions not to do so. Spoliation is an inherent risk in any case, but sanctions are the traditional means of addressing such matters. *See Pelishek v. City of Sheboygan*, No. 23-CV-1048, 2025 U.S. Dist. LEXIS 15593, at *3 (E.D. Wis. Jan. 29, 2025). Circumstances far more compelling than those presented here would be necessary for the court to resort to the extraordinary measure of a temporary restraining order to enforce the ordinary duty to preserve evidence. *See Thomas v. Trs. of Ind. Univ.*, No. 1:18-cv-03305-TWP-DML, 2018 U.S. Dist. LEXIS 198454, at *21-23 (S.D. Ind. Nov. 21, 2018) (discussing issuance of a temporary restraining order in light of concerns over spoliation). Moreover, counsel for Complete and prospective counsel for the individual defendants have assured the court that all defendants fully understand and will comply with their obligations to preserve all potential evidence. Because Twin Rivers has failed to

adequately demonstrate that it will suffer irreparable harm absent a temporary restraining order, the court must deny its motion.

**IT IS THEREFORE ORDERED** that Twin Rivers' motion for a temporary restraining order (ECF No. 7) is **denied**. Its companion motion for a preliminary injunction remains pending.

**IT IS THEREFORE ORDERED** that the defendants shall respond to Twin Rivers' motion for a preliminary injunction no later than **February 10, 2026**. Any reply shall be filed no later than **February 13, 2026**. However, the court recognizes that, in light of the court's decision, Twin Rivers may wish to pursue discovery prior to the court ruling on its motion for a preliminary injunction (either on an expedited basis if the court grants its pending motion (ECF No. 10) or in the regular course of this action). If Twin Rivers wishes to defer resolution of its motion for a preliminary injunction, it shall, no later **February 6, 2026**, file notice withdrawing its motion for a preliminary injunction.

**IT IS THEREFORE ORDERED** that Twin Rivers' motion to restrict documents (ECF No. 5) is **granted**.

Dated at Green Bay, Wisconsin this 4th day of February, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
