# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TWIN RIVERS PAPER COMPANY, LLC,**

      **Plaintiff,**

      **v.**　　　　　　　　　　　　　**Case No. 26-CV-172**

**COMPLETE PAPER, INC., et al.,**

      **Defendants.**

## DECISION AND ORDER

Twin Rivers Paper Company, LLC, is back before the court again seeking a temporary restraining order. (ECF No. 32.) This action arises from allegations that Twin Rivers's former Director of National Accounts, Rachel Van Wyche, took certain trade secrets and otherwise confidential information with her when she quit. With the assistance of her former subordinate, Kim Gerrits, Van Wyche also accessed other information after she began working for a competitor, Complete Paper, LLC, which does business under the name BiOrigin Specialty Products. Van Wyche and Gerrits's actions were allegedly in contravention of confidentiality agreements they both had with Twin Rivers.

Following a telephonic hearing (ECF No. 27), the court denied Twin Rivers's prior motion for a temporary restraining order, in part, because Complete Paper had indefinitely suspended Van Wyche and delayed Gerrits's start date. *Twin Rivers*

*Paper Co., LLC v. Complete Paper, Inc.*, No. 26-CV-172, 2026 LX 79526 (E.D. Wis. Feb. 4, 2026).

Since that order, Complete Paper has reinstated Van Wyche and commenced Gerrits's employment. In doing so, Complete Paper issued written warnings to both wherein they acknowledged improperly accessing Twin Rivers's information. (ECF No. 33 at 7.)

Twin Rivers now seeks a temporary restraining order barring: (1) Van Wychen and Gerrits from working for Complete Paper; (2) "from misappropriating, using, or disclosing Twin Rivers' confidential information and trade secrets"; (3) Van Wychen and Gerrits from participating in any discussions with a specific customer; and (4) providing any input regarding the pricing of Complete Paper's products. (ECF No. 32-1.)

Of particular concern to Twin Rivers are ongoing negotiations with a mutual customer of Twin Rivers and Complete Paper, referred to by the parties as Client One. Shortly after Van Wyche's departure from Twin Rivers, Client One informed Twin Rivers that another supplier had offered it a better deal and as a result it would be cutting back its order with Twin Rivers. Client One confirmed that Complete Paper was one of two competitors who offered it lower prices and motivated its decision to scale back orders from Twin Rivers.

Complete Paper responds that it completed the pricing for Client One before it hired Van Wyche, neither Van Wyche or Gerrits had or will have any role in any ongoing negotiations with Client One, it did not use any Twin Rivers confidential

information in the pricing, and Complete Paper has not received any new business from Client One.

Again, the court considers whether to grant a temporary restraining order by applying the same framework applicable to a motion for preliminary injunction. *Twin Rivers Paper Co., LLC v. Complete Paper, Inc.*, No. 26-CV-172, 2026 U.S. Dist. LEXIS 22950, at \*3 (E.D. Wis. Feb. 4, 2026). The court accepts for present purposes that Twin Rivers has demonstrated the requisite likelihood of success on the merits, *id.* at \*4, and thus focuses on whether, in the absence of a temporary restraining order, Twin Rivers will suffer irreparable harm for which there is no adequate remedy.

At the core of Twin Rivers's claims is the suspicion that Client One cut its order with Twin Rivers because Complete Paper used Twin Rivers's confidential pricing data appropriated by Van Wyche and Gerrits to submit a lower bid. Even accepting this as true, that historical harm does not support the prospective relief of a temporary restraining order. *See Swanigan v. City of Chi.*, 881 F.3d 577, 583 (7th Cir. 2018) (noting, in the context of standing, that "an injunction is a forward-looking remedy"). No presumption of irreparable harm arises merely because a former employee improperly retained trade secrets or confidential information. *Creative Fin. Staffing LLC v. Kubacki*, No. 22 C 488, 2023 U.S. Dist. LEXIS 21139, at \*13 (N.D. Ill. Feb. 8, 2023) (citing *DM Trans, LLC v. Scott*, 38 F.4th 608, 621 (7th Cir. 2022); *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 545 (7th Cir. 2021)); *see also Twin Rivers Paper Co*, 2026 U.S. Dist. LEXIS 22950, at \*6 (noting that, although Van Wyche and Gerrits's confidentiality agreements with Twin Rivers stated that any disclosure will

result in a presumption of irreparable harm, "parties cannot contract around the required showing of irreparable harm" (quoting *Penn Eng'g & Mfg. Corp. v. Marsden*, No. 25-cv-0467-bhl, 2025 U.S. Dist. LEXIS 254347, at *30 (E.D. Wis. Dec. 9, 2025)).

Granted, the deal with Client One is not finalized, and therefore the court accepts that there are hypothetically future opportunities whereby Twin Rivers's confidential information could be misused to its detriment. But to obtain an injunction, a movant must show that future harm is not merely possible but rather "is likely in the absence of an injunction." *D.U. v. Rhoades*, 825 F.3d 331, 339 (7th Cir. 2016) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008)). For it to be likely that Twin Rivers will suffer irreparable harm in the future, Complete Paper would need to still have access to Twin Rivers's secrets. *See Vendavo, Inc. v. Long*, 397 F. Supp. 3d 1115, 1144 (N.D. Ill. 2019) ("Thus, her former possession or improper retention of Plaintiff's documents at her home, in her Dropbox, in her email, *etc.*. cannot form the basis of an injunction."). Van Wyche and Gerrits have both declared under penalty of perjury that they no longer possess or have access to any confidential information.

While Twin Rivers suggests that Van Wyche and Gerrits may be lying in light of what it characterizes as shortcomings in candor when they left work with Twin Rivers, there is no evidence that the present statements are untruthful. In any event, if the threat of criminal consequences for perjury and this court's inherent authority to impose sanctions for misrepresentations are not going to spur honesty from the rare perjurer, the court has no reason to believe that a further court order and the prospect of contempt would make a difference. More importantly, nor will the

remedies available by way of contempt materially expand the means of mitigating or remedying any harm that Twin Rivers might suffer should Van Wyche, Gerrits, or Complete Paper use Twin Rivers confidential information in the future.

The only information that Van Wychen disseminated was a "pricing template" that she passed along to about a dozen Complete Paper employees. (ECF No. 52 at 6.) That nature of this document is unclear, a deficit that Twin Rivers attributes to the defendants' lack of urgency in responding to the plaintiff's discovery demands. (ECF No. 52 at 6.) Van Wychen describes it as a template that she created while at Twin Rivers but revised before sending it to Complete Paper employees. (ECF No. 51-2 at 3.) These descriptions do not support the inference that the document likely constitutes a trade secret or is otherwise protectible. But in any event, again, what is done is done. The court cannot un-ring that bell through a temporary restraining order. What is material and crucial is that there is no evidence that any of the information retained or accessed by Van Wyche is likely to be used by Complete Paper going forward. *See Elevance Health, Inc. v. Mohan*, No. 1:23-cv-01497-SEB-MJD, 2023 U.S. Dist. LEXIS 164105, at *20 (S.D. Ind. Sep. 15, 2023) ("To establish an entitlement to injunctive relief, it is not enough to show that a past wrong may have been committed; rather 'a future threat of irreparable harm must exist to warrant injunctive relief.'" (quoting *DM Trans*, 38 F.4th at 621).

Even if the court were to accept that Twin Rivers had sustained its threshold burdens, the balance would tip against granting a temporary restraining order. *See GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019)

(discussing the "sliding scale approach" courts employ in balancing the harms). Twin Rivers asks the court to put Van Wyche and Gerrits out of work.[1] Although Complete Paper had temporarily put their employment on hold so it could investigate Twin Rivers's allegations, to extend that restraint, even if only for the limited duration of a temporary restraining order, is an extreme remedy. *See* 18 U.S.C. § 1836(b)(3)(A)(i)(II) (a restraining order under the Defend Trade Secrets Act must not "prevent a person from entering into an employment relationship, and that conditions placed on such employment shall be based on evidence of threatened misappropriation and not merely on the information the person knows"). It is also a remedy that cannot be fairly balanced against Twin Rivers's likelihood of success on the merits because Twin Rivers has not shown that it is relief that it may obtain even if it ultimately prevails in this action.

Barring Van Wyche and Gerrits from working for Complete Paper is particularly extreme in light of the dearth of evidence supporting Twin Rivers's arguments of irreparable harm in the absence of a temporary restraining order. Moreover, this demand—the suspension of Van Wyche and Gerrits's employment— was notably absent from Twin Rivers's initial temporary restraining order request, even though at that time Complete Paper had not announced that it would place the pair on leave. (ECF No. 7-1.) Courts must be cautious in granting a restraining order that imposes what is essentially a non-compete agreement that the parties never

---

[1] Twin Rivers asserts that it is not attempting to prevent Van Wyche or Gerrits from being employed but suggest that Complete Paper could keep them on its payroll so long as they do not perform any work for Complete Paper. (ECF No. 52 at 14.)

negotiated or agreed to. *See APC Filtration, Inc. v. Becker*, 646 F. Supp. 2d 1000, 1008 (N.D. Ill. 2009) ("in a competitive market, an employee must be entitled to utilize the general knowledge and skills acquired through experience in pursuing his chosen occupation").

Twin Rivers alternatively seeks a narrower temporary restraining order limited to prohibiting (1) the defendants from using Twin Rivers's confidential information or trade secrets; (2) Van Wychen and Gerrits from any involvement with Client One; (3) and Van Wychen and Gerrits from providing Complete Paper input regarding any pricing regarding any customer.

The latter element seems to be largely functionally equivalent to requiring Complete Paper to suspend at least Van Wychen as it would appear to be inherently incompatible with Van Wychen's role as "Chief Commercial Officer." (*See* ECF No. 1, ¶ 36 (Gerrits's position with Complete Paper is unclear).)

Van Wychen and Gerrits's representations that they no longer have any documents from Twin Rivers may suggest that a temporary restraining simply barring them from using such information would be inconsequential. But courts do not resort to the extreme remedy of a temporary restraining order absent circumstances clearly demanding it. *See, e.g.*, *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). In other words, a temporary restraining order is not a measure a court employs "just in case."

This is not an instance where the non-movant has simply voluntarily agreed to cease the conduct sought to be restrained. *Cf. Nelson v. Miller*, 570 F.3d 868, 882

(7th Cir. 2009) (discussing the cessation of conduct vis-à-vis mootness of a claim for injunctive relief). Rather, this is a situation where, based on the evidence before the court, the defendants are no longer capable of further injuring the plaintiff. In the absence of continued access to the trade secrets or other confidential information, the defendants are incapable of engaging in the conduct Twin Rivers seeks to enjoin.

**IT IS THEREFORE ORDERED** that Twin Rivers Paper Company, LLC's renewed motion for a temporary restraining order (ECF No. 32) is **denied**.

**IT IS FURTHER ORDERED** that Twin Rivers Paper Company, LLC's motion to restrict documents (ECF No. 30) is **granted**.

**IT IS FURTHER ORDERED** that Complete Paper Inc.'s motion to restrict a document (ECF No. 42) is **granted**.

**IT IS FURTHER ORDERED** that Twin Rivers Paper Company, LLC's motion to restrict a document (ECF No. 50) is **granted**.

**IT IS FURTHER ORDERED** that Complete Paper Inc.'s motion to restrict a document (ECF No. 53) is **granted**.

**IT IS FURTHER ORDERED** that Twin Rivers Paper Company, LLC's motion for oral argument (ECF No. 56) is **denied**.

Dated at Green Bay, Wisconsin this 13th day of March, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge

8